Gaylor TIMMONS, Jr., Appellant,

v.

Michael LUCE, et al, Appellees.

No. 12–90–00020–CV.

Court of Appeals of Texas,
Tyler.

Aug. 31, 1992.

Rehearing Denied Nov. 25, 1992.

---

Gaylor Timmons, Jr., pro se.

Michael Luce, et al., pro se.

RAMEY, Chief Justice.

This is an appeal from a dismissal pursuant to TEX.CIV.PRAC. & REM.CODE ANN. § 13.-001 (Vernon Supp.1992) of Appellant's petition in the trial court. Appellant, an inmate in TDC, has at all stages of this litigation proceeded *pro se* as an indigent. The Appellees are employees and officials of TDCJ. We will affirm.

## CONSTITUTIONAL CHALLENGES

Appellant's first point of error raises the constitutionality of TEX.CIV.PRAC. & REM. CODE ANN. § 13.001 (Vernon Supp.1991) under three separate constitutional provisions. Section 13.001 provides:

(a) A court in which an affidavit of inability to pay under Rule 145, Texas Rules of Civil Procedure, has been filed may dismiss the action on a finding that:

(1) the allegation of poverty in the affidavit is false; or

(2) the action is frivolous or malicious.

(b) In determining whether an action is frivolous or malicious, the court may consider whether:

(1) the action's realistic chance of ultimate success is slight;

(2) the claim has no arguable basis in law or in fact; or

(3) it is clear that the party cannot prove a set of facts in support of the claim.

. . . .

(c) An action may be dismissed under Subsection (a) as frivolous or malicious either before or after service of process.

Appellant first contends that the statute violates TEX. CONST. art. I, § 3a. His second constitutional challenge to the statute cites TEX. CONST. art. I, § 19, the due course of law provision. The third constitutional provision Appellant claims is violated is article I, section 13, the access to the courts provision. We will address each of the challenges separately as if they were raised in separate points of error. However, as a preliminary matter, some discussion of the statute and interpretation thereof is necessary.

Section 13.001 dismissal is a relatively new practice to the state courts in Texas, the statute having become effective on June 19, 1987. Our Supreme Court addressed the application of the statute in *Johnson v. Lynaugh*, 796 S.W.2d 705, 706 (Tex.1990), a *per curiam* opinion denying a writ of error from this Court. The Supreme Court applied federal decisions interpreting an analogous federal statute, 28 U.S.C. § 1915(d). The Court stated that the only proper factor to be considered is found in section 13.001(b)(2); whether "the claim has no arguable basis in law or in fact." *Id.* at 706. The Supreme Court of the United States in fact has stated that "a complaint ... is frivolous where it lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989). As the trial court's orders do not indicate which factor under the statute it applied, we will follow the suggestion of our Supreme Court and the indication of the United States Supreme Court and assume that the dismissals were entered on the basis that the trial court found the petitions had no arguable basis in law or in fact.

### A. Tex. Const., article I, section 3(a)

■ We begin our examination of this issue by reviewing article I, section 3a. That section is the equal rights amendment which establishes that "equality under the law shall not be denied or abridged because of sex, race, color, creed, or national origin." Appellant argues that this constitutional provision "prohibits a proponent of discrimination to discriminate against a fundamental right unless it is shown that

no lesser form of discrimination could be shown to protect the State compelling interest." In support of that statement, Appellant cites *In re McLean*, 725 S.W.2d 696 (Tex.1987). That case interpreted the *Texas Equal Rights Amendment*, TEX. CONST. art. I, § 3a.

Appellant mentions no alleged discrimination in the statute itself or its application in his case which implicates "sex, race, color, creed, or national origin." As the Supreme Court said in *McLean*, an essential inquiry under the Equal Rights Amendment is "whether equality was denied *because of* a person's membership in a protected class of sex, race, color, creed, or national origin." 725 S.W.2d at 697. Because Appellant does not argue any inequality based upon one of the protected classifications, this challenge must fail.

### B. Tex. Const., article I, section 19

Under this section of Appellant's first point of error, his entire argument is:

Section 13 authorizes a trial court to consider the ultimate success of a suit. If such suit's chance of success is "slight" it may be dismissed as frivolous. The word slight has no reasonable standard of comparable measurement. Thus, a consideration based on vagueness and ambiguity is detrimental to appellants' right of access to court without due course.

No authority is cited by Appellant in support of this contention.

Appellant's point is directed to section 13.001(b)(1). However, the dismissal orders in this case state merely that the court finds that the dismissal "should issue pursuant to [the court's] vested authority under TEX.CIV.PRAC. & REM.CODE ANN. § 13.001 (Vernon Supp.1988–89)." There is nothing that demonstrates that the trial court dismissed Appellant's petitions because their "realistic chance of ultimate success is slight." As stated above, we assume that the trial court dismissed Appellant's petition on the basis that the claim had no arguable basis in law or fact. Therefore, we need not address this contention.

## C. TEX. CONST. article I, section 13

Under this issue, Appellant contends that section 13.001 is so arbitrary that it interferes with his access to the courts and thereby denies him due process as guaranteed by article I, section 13 of the TEXAS CONSTITUTION. Article I, section 13 guarantees that Texas citizens will not be unreasonably denied access to the courts. The test for analyzing alleged violations of the open courts—due process provision, as stated by the Supreme Court, is whether there is "a showing that the legislative basis for the statute outweighs the denial of the constitutionally-guaranteed right of redress." *Sax v. Votteler*, 648 S.W.2d 661, 666 (Tex.1983). The decision requires that the court balance the litigant's right of redress with the legislative basis for the statute. *Id.* at 665. The court must "consider both the general purpose of the statute and the extent to which the litigant's right to redress is affected." *Id.* at 666.

Appellant's argument that section 13.001 violates the open courts provision of the TEXAS CONSTITUTION raises four different complaints. First, he asserts that section 13.001(b)(2) is unreasonable because it permits dismissal if the trial court finds that his claim has no arguable basis in law or in fact. Appellant insists that only if a claim has no arguable basis in law and fact is it truly frivolous. In support of this position, Appellant cites *Hogan v. Midland County Commissioners Court*, 680 F.2d 1101, 1103 (5th Cir.1982). The Fifth Circuit did in fact say that "[a] claim is frivolous only if it is without arguable merit both in law and in fact." [1] *Id.* at 1103. However, in 1989 the United States Supreme Court said:

> [A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. As the Courts of Appeals have recognized, § 1915(d)'s term "frivolous," when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.
> (Emphasis ours.)

*Neitzke*, 490 U.S. at 325, 109 S.Ct. at 1831. The rationale for the authority to dismiss an *in forma pauperis* action lacking an arguable basis in law or in fact rests upon the design to "discourage the filing of, and waste of judicial and private resources upon baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits." *Id.*, 490 U.S. at 327, 109 S.Ct. at 1832–1833. The validity of such concerns is borne out by the number of *pro se* indigent actions, both appeals and original proceedings, that we see in this Court alone. With ever increasing caseloads and limited resources, our state judiciary is strained as much as the federal judiciary by the sheer number of actions filed every year. It is inconceivable that the open courts guarantee of our Constitution protects the prosecution of claims which often rest upon indisputably meritless legal theories or fantastic factual scenarios.

The legislative purpose of ensuring that limited resources, private and judicial, are employed as efficiently as possible to the end of resolving arguable claims far outweighs the interest of litigants seeking only to harass or relieve their boredom. Under ordinary circumstances, a person must incur substantial expense to initiate a lawsuit. Additionally, the potential of monetary sanctions and having to pay all costs serves as a deterrent to persons disposed to bringing frivolous lawsuits. Those deterrents are non-existent to *pro se* indigent's lawsuits which may be instituted and maintained merely by the filing of a pauper's affidavit. *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir.1986). The countervailing interest that must be weighed is that of a litigant's right to redress. There is no right to redress for claims that have no basis in law or fact. We hold that section 13.001, at least insofar as it authorizes dismissal of an action brought without payment of costs when there is no arguable basis for the action in law or fact, does not violate article I, section 13 of the TEXAS CONSTITUTION.

---

**1.** *Citing Watson v. Ault,* 525 F.2d 886, 892 (5th    Cir.1976).

**586**

The remaining arguments advanced by Appellant in support of his position that section 13.001 violates the open courts provision of the TEXAS CONSTITUTION involve section 13.001(b)(1) and (3). We have already stated that we are following the Supreme Court's opinion in *Johnson* and consider the only proper factor to be that found under section 13.001(b)(2). We, therefore do not need to address the remaining arguments.

Section 13.001 is not in conflict with article I sections 19, 3a or 13 of the TEXAS CONSTITUTION. The first point of error is overruled.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Appellant's second point of error alleges that the trial court erred in failing to prepare findings of fact and conclusions of law. The trial court signed the order of dismissal on December 15, 1989. Thereafter, on January 2, 1990, Appellant filed his "Motion Finding of Fact & Conclusion of Law." Then, on January 11, 1990, Appellant filed a "Notice Failure to File."

■ Appellant's suit was dismissed prior to any hearings or trial; thus no facts were ever introduced into evidence. A court cannot make findings of fact solely from the record on file without hearing evidence, and findings so made would be without effect. *Estate of Nelson v. Neal*, 764 S.W.2d 322, 325 (Tex.App.—Texarkana, 1988), *aff'd*, at 787 S.W.2d 343; *Healy v. Wick Building Systems, Inc.*, 560 S.W.2d 713 (Tex.Civ.App.—Dallas 1977, ref'd, n.r.e.). Furthermore, in *Kendrick v. Lynaugh*, 804 S.W.2d 153 (Tex.App.—Houston [14th Dist.] 1990, no writ), the court held that TEX.R.CIV.P. Rules 296 and 297 do not require a trial court to make findings of fact and conclusions of law where there has been no trial. Appellant's second point of error is overruled.

### DISMISSAL OF THE SUIT WITHOUT PRIOR NOTICE TO APPELLANT

■ Appellant's third and final point of error alleges that the trial court committed fundamental error when it dismissed his suit without giving him prior notice and an opportunity to be heard. The point is meritless. Here, as discussed above, the dismissal of Appellant's petition was expressly stated to be pursuant to TEX.CIV.PRAC. & REM.CODE ANN. § 13.001 (Vernon Supp. 1991). The dismissal was entered pursuant to section 13.001, on the basis of a determination that the Appellant's claims had no arguable basis in law or in fact. The court having determined the petition stated no actionable claim, there were no merits to be addressed. Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.