CV6-044.dd.mcbride 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00044-CV






Kirk Wayne McBride, Appellant



v.



Texas Department of Criminal Justice--Institutional Division, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 94-02567, HONORABLE ORLINDA L. NARANJO, JUDGE PRESIDING






PER CURIAM


 Kirk Wayne McBride appeals from the dismissal of his cause of action against the
Texas Board of Criminal Justice. The trial court dismissed his cause upon the pleadings as
frivolous. We will dismiss the appeal for want of jurisdiction.

 The transcript was untimely filed under the sixty-day appellate timetable. See Tex.
R. App. P. 54(a). The trial court signed the judgment on October 2, 1995. On October 6, 1995,
McBride requested findings of fact and conclusions of law. Findings of fact and conclusions of
law are proper when a cause is tried without a jury. Tex. R. App. P. 54(a). Timmons v. Luce,
840 S.W.2d 582, 586 (Tex. App.--Tyler 1992, no writ). Contrary to McBride's argument, we
hold that the trial court's dismissal of the action below after reading the pleadings does not
constitute a trial. The improper request did not extend the appellate timetable to the 120-day
period. See Linwood v. NCNB Tex., 885 S.W.2d 102, 103 (Tex. 1994). Because the request did
not extend the appellate timetable, the transcript was due on December 1, 1995. A motion for
extension of time was due on December 18, 1995. We received no such motion. The transcript
received on January 25, 1996 was thus untimely.

 McBride argues that we should bend the rules in the interest of justice because he,
a pro se litigant and transferred prisoner, wanted a hearing and tried to have the transcript arrive
on time. He advised the district clerk that his transcript was due in this Court on December 1,
1995 and that the clerk should notify him of any delay. Around that time, he was transferred
from the Comal County Jail to the state prison system. He wrote to the clerk of this Court on
December 11, 1995 inquiring whether the record had been filed here so that he could file proper
motions to extend time to file and motions to compel. He says he received no reply; neither did
he file the motions to extend time to file or to compel preparation of the record. He learned on
January 12, 1996 that the district clerk would not prepare the transcript until January 30, 1996
because, by the clerk's assessment, the request for findings of fact and conclusions of law had
extended the time for filing until then.

 We have considered McBride's arguments from his brief, but we are powerless to
extend the deadlines as he would like. His request for a hearing did not convert a nontrial to a
trial. Our ability to extend the deadline for the transcript expired when December 18, 1995
passed without our receiving a motion to extend. His letter of December 11 shows he was aware
of his options for dealing with the impending deadline and yet did not exercise them. We have
no authority to consider a late-filed transcript. Tex. R. App. P. 54(a). McBride cannot invoke
our jurisdiction without a transcript. We dismiss the appeal for want of jurisdiction. 




Before Justices Powers, Jones and B. A. Smith

Appeal Dismissed for Want of Jurisdiction

Filed: June 5, 1996

Do Not Publish