In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00012-CV
______________________________


DOUGLAS A. DUNN, Appellant
 
V.
 
TDCJ-ID/WARDEN STEPHENS, Appellee


                                              

On Appeal from the 202nd Judicial District Court
Bowie County, Texas
Trial Court No. 03-C-1532-202


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Douglas A. Dunn is an inmate within the Institutional Division of the Texas Department of
Criminal Justice (hereinafter TDCJ-ID). In 2003, Dunn sued TDCJ-ID, alleging it had improperly
denied him permission to correspond with Troy Holt (an inmate located at another prison within
TDCJ-ID) regarding a civil lawsuit Dunn had filed in Grayson County, Texas. Dunn's original
petition asked the trial court to order TDCJ-ID to allow Dunn to communicate with Holt regarding
the Grayson County lawsuit. 
            On January 12, 2004, the trial court dismissed Dunn's lawsuit as frivolous. Dunn perfected
appeal to this Court and now presents five issues for our review. We affirm.
I.         Must the Trial Court Conduct a Hearing Before It Finds Dunn's Claims Frivolous?
            In his first point of error, Dunn contends the trial court abused its discretion by dismissing
the lawsuit without first conducting a hearing to determine the merits of Dunn's complaint. Dunn
attached to his original petition an affidavit of his inability to pay filing fees and other costs of court. 
See Tex. R. Civ. P. 145. Article 13.001(b)(2) of the Texas Civil Practice and Remedies Code
authorizes a trial court to dismiss a lawsuit such as Dunn's if the trial court finds the plaintiff's claims
have "no arguable basis in law or in fact." Tex. Civ. Prac. & Rem. Code Ann. § 13.001 (Vernon
2002). In this case, the trial court found Dunn's lawsuit frivolous and dismissed the suit without
conducting a hearing. 
            A plaintiff is not entitled to notice and a hearing if the trial court dismisses the plaintiff's
claims as frivolous pursuant to Article 13.001 of the Texas Civil Practice and Remedies Code. 
Timmons v. Luce, 840 S.W.2d 582, 586 (Tex. App.—Tyler 1992, no writ). Since the trial court
dismissed Dunn's lawsuit as frivolous pursuant to Article 13.001, Dunn was not entitled to notice
and a hearing on the merits of his lawsuit before the trial court's order of dismissal.
            Alternatively, Dunn argues the trial court's dismissal violates (1) his equal protection rights
under the Fifth Amendment to the United States Constitution, and (2) his due process rights under
Article I, Sections 10 and 19, of the Texas Constitution. The Fifth Amendment to the United States
Constitution prohibits the government from prosecuting a citizen without affording that citizen due
process of law. U.S. Const. amend. V. Similarly, Article I, Section 10 of the Texas Constitution
guarantees certain rights of an accused in a criminal prosecution. Tex. Const. art. I, § 10. Neither
the Fifth Amendment nor Section 10 guarantees Dunn, as a plaintiff in a civil suit, the right to have
a hearing on his request for an injunction.
            Article I, Section 19 of the Texas Constitution provides, "No citizen of this State shall be
deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except
by the due course of the law of the land." Tex. Const. art. I, § 19. It has already been determined
that Article 13.001(b)(2) does not violate the due course of law provision of the Texas Constitution. 
Pedraza v. Tibbs, 826 S.W.2d 695, 697–98 (Tex. App.—Houston [1st Dist.] 1992, writ dism'd
w.o.j.); Spellmon v. Sweeney, 819 S.W.2d 206, 210–11 (Tex. App.—Waco 1991, no writ). 
Accordingly, we find Dunn's argument to the contrary unpersuasive. We overrule Dunn's first point
of error.
II.       Does Dismissal Without a Hearing Violate Article I, Section 13 of the Texas
Constitution?

            In his second point of error, Dunn contends Article 13.001 of the Texas Civil Practice and
Remedies Code violates Article I, Section 13 of the Texas Constitution, otherwise known as the
"open courts" provision. The Tyler Court of Appeals has thoroughly reviewed this contention and
determined that Article 13.001 does not violate the open courts provision. Timmons, 840 S.W.2d
at 585–86. We follow Timmons and hold that Article 13.001 of the Texas Civil Practice and
Remedies Code does not violate the open courts provision of the Texas Constitution, and overrule
Dunn's second point of error.
III.      Should the Trial Court have Acted Sooner in Dunn's Case?
            In his third point of error, Dunn contends the trial court abused its discretion by not
prioritizing Dunn's lawsuit over other cases then pending on the trial court's docket. "A court shall
require that proceedings be conducted with dignity and in an orderly and expeditious manner . . . ." 
Tex. Gov't Code Ann. § 21.001(b) (Vernon 2004). The record shows Dunn filed his lawsuit
September 19, 2003. The trial court took no action in Dunn's case until January 14, 2004, when the
trial court dismissed Dunn's suit. 
            Assuming, without deciding, the trial court's delay in dismissing Dunn's suit was
unreasonably long, Dunn has made no attempt in his brief to this Court to demonstrate the delay
caused harm. Further, as we will next address, the trial court ultimately reached the proper result by
dismissing the lawsuit. Accordingly, we overrule Dunn's third point of error.
IV.      Did the Trial Court Err by Finding Dunn's Lawsuit Frivolous?
            In his fourth point of error, Dunn contends the trial court erred by dismissing his lawsuit as
frivolous. According to Dunn's original petition, the TDCJ-ID has a policy that prohibits inmates
from corresponding with inmates from another unit within the TDCJ-ID unless (1) both inmates are
family members, or (2) both inmates are coparties to a lawsuit and receive permission from the
TDCJ-ID officials. In this case, Dunn sought to correspond with Holt regarding a lawsuit Dunn filed
in Grayson County, Texas. According to Dunn's petition in the case now on appeal, Dunn had
named Holt as his "next friend" in the lawsuit and was seeking permission from the TDCJ-ID to
correspond with Holt based on Dunn's and Holt's status as coparties in the lawsuit. TDCJ-ID
officials denied Dunn's request for permission to correspond with Holt. 
            We review a trial court's decision to dismiss a lawsuit pursuant to Article 13.001 for abuse
of discretion. Bohannan v. Tex. Bd. of Criminal Justice, 942 S.W.2d 113, 115 (Tex. App.—Austin
1997, writ denied). A trial court abuses its discretion when it acts without reference to any guiding
rules or principles or when it acts in an arbitrary or unreasonable manner. Id. If an inmate's case has
an arguable basis in law or fact, a trial court abuses its discretion by dismissing the lawsuit pursuant
to Section 13.001. Id. 
            The trial court found Dunn's lawsuit frivolous and ordered its dismissal. The relevant
statutory authority for the trial court's dismissal in this case was Article 13.001 of the Texas Civil
Practice and Remedies Code, which provides: 
(a)A court in which an affidavit of inability to pay under Rule 145, Texas
Rules of Civil Procedure, has been filed may dismiss the action on a finding that: 
(1)the allegation of poverty in the affidavit is false; or 
(2)the action is frivolous or malicious.
(b)In determining whether an action is frivolous or malicious, the court
may consider whether:
(1)the action's realistic chance of ultimate success is slight;
(2)the claim has no arguable basis in law or in fact; or
(3)it is clear that the party cannot prove a set of facts in support
of the claim.
(c)An action may be dismissed under Subsection (a) as frivolous or
malicious either before or after service of process.

Tex. Civ. Prac. & Rem. Code Ann. § 13.001.
            Inmates have a constitutional right to access to courts in this state. Thomas v. Brown, 927
S.W.2d 122, 125 (Tex. App.—Houston [14th Dist.] 1996, writ denied); see also Tex. Const. art.
I, § 13 (Texas open courts provision). "There is, however, no right to be or to receive legal
assistance from a jailhouse lawyer independent of the right of access to the court." Tighe v. Wall,
100 F.3d 41, 43 (5th Cir. 1996). Further, "[p]risoners have no right to a particular prisoner's help
in legal matters as long as the putative recipient's constitutional right of access to the courts is not
infringed." Id. 
            In the case now before us, Dunn has not claimed, either on appeal or before the trial court,
that the TDCJ-ID's new policy prevents him from receiving legal assistance from another jailhouse
lawyer at his current location. Instead, Dunn complains the TDCJ-ID's policy regarding inmate-to-inmate correspondence infringes his "right" to assistance from the person of his choosing. Dunn,
however, has no "right" to receive help from a particular jailhouse lawyer.
            Alternatively, Dunn contends Holt's status as Dunn's "next friend" in the Grayson County
lawsuit fits within an exception to the TDCJ-ID's new correspondence policy. Thus, argues Dunn,
the trial court erred by dismissing his lawsuit as frivolous, even if the TDCJ-ID's new policy serves
a legitimate penological interest.


 
            Rule 44 of the Texas Rules of Civil Procedure permits "[m]inors, lunatics, idiots, or persons
non compos mentis who have no legal guardian" to file a lawsuit via representation by a "next
friend." Tex. R. Civ. P. 44. In the Grayson County lawsuit, Dunn apparently listed Holt as his "next
friend" for the purpose of receiving Holt's assistance in that litigation. There is, however, no
indication from the record before us that Dunn is either a minor, a lunatic, an idiot, or a person non
compos mentis. We hold the trial court properly concluded Dunn's lawsuit was frivolous and
overrule Dunn's fourth point of error.
V.        Did the Trial Clerk Improperly Refuse to Issue Citation in the Underlying Lawsuit?

            In his fifth point of error, Dunn contends "[t]he trial court Clerk abused her discretion in
delaying, [or] refusing to issue citation as required . . . ." To support his claim, Dunn attached to his
appellate brief copies of several letters he wrote asking the trial court clerk to issue citation to the
defendants in this case. The letters attached to Dunn's appellate brief, however, are not part of the
official record, and we may not consider them. See Merch. Ctr., Inc. v. WNS, Inc., 85 S.W.3d 389,
394 (Tex. App.—Texarkana 2002, no pet.) (materials improperly attached to appellate brief may not
be considered by appellate court in its review of appeal on merits).
As a prerequisite to presenting a complaint for appellate review, the record must
show that: 
            (1) the complaint was made to the trial court by a timely request, objection,
or motion that: 
(A) stated the grounds for the ruling that the complaining party
sought from the trial court with sufficient specificity to make the trial court
aware of the complaint, unless the specific grounds were apparent from the
context; and 
(B) complied with the requirements of the Texas Rules of Civil or
Criminal Evidence or the Texas Rules of Civil or Appellate Procedure; . . . .
 
Tex. R. App. P. 33.1(a).
            In the case now before us, Dunn did not file a motion for new trial alleging the trial court
clerk failed to properly issue citation. In his post-dismissal request for findings of fact and
conclusions of law, Dunn did not object to the trial court clerk's alleged failure to issue citation
against the defendants. Nor did Dunn raise this issue in any other manner before the trial court. 
Accordingly, we find Dunn failed to preserve this issue for appellate review.
            Even had Dunn preserved this issue for our review, the issue is nonetheless moot in light of
the trial court's statutory authority to dismiss a frivolous lawsuit such as Dunn's before the issuance
of citation by the trial court clerk. See Tex. Civ. Prac. & Rem. Code Ann. § 13.001(c). 
VI.      Conclusion
            For the reasons stated, we overrule Dunn's five points of error and affirm the trial court's
judgment.



                                                                        Jack Carter
                                                                        Justice

Date Submitted:          April 29, 2004
Date Decided:             April 30, 2004