NO. 12-03-00362-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
ZUFAR FAJR YAK-YAK KHUFU                   §                 APPEAL FROM THE 87TH
a/k/a NORRIS HICKS,
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF


A.M. STRINGFELLOW, ET AL,
APPELLEES                                                      §                 ANDERSON COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Zufar Fajr Yak-Yak Khufu a/k/a Norris Hicks, an inmate in the Texas Department of
Criminal Justice-Institutional Division (“TDCJ”), proceeding pro se, filed an in forma pauperis suit
against TDCJ Chairman A.M. Stringfellow and TDCJ Director Janie Cockrell. Khufu appeals the
trial court’s order dismissing his suit pursuant to Texas Civil Practice and Remedies Code, section
14.003. Khufu raises three issues on appeal. We affirm.
 
Background
            Khufu is an inmate. While incarcerated, Khufu filed a civil suit against Stringfellow and
Cockrell (collectively Appellees). In his lawsuit, Khufu alleges that by requiring that he shave his
beard, Appellees are liable for depriving Khufu of his right to freely exercise his religious beliefs
pursuant to the United States Constitution. Khufu sought a declaratory judgment and injunctive
relief, as well as compensatory and punitive damages. In conjunction with his original petition,
Khufu filed a declaration of previous lawsuits, in which he designated thirteen previously-filed
actions.  
            On September 26, 2003, without conducting a hearing, the trial court found that Khufu’s suit
was frivolous or malicious and dismissed it pursuant to Texas Civil Practice and Remedies Code,
section 14.003. Khufu requested written findings of fact and conclusions of law, but the trial court
did not oblige. This appeal followed.
 
Dismissal Pursuant to Texas Civil Practice and Remedies Code Chapter 14
            In his first and second issues, Khufu argues that the trial court's dismissal was improper.


 
We review the trial court's dismissal of an in forma pauperis suit under an abuse of discretion
standard. Hickson v. Moya, 926 S.W.2d 397, 398 (Tex. App.–Waco 1996, no writ). A trial court
abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding rules or
principles. Lentworth v. Trahan, 981 S.W.2d 720, 722 (Tex. App.–Houston [1st Dist.] 1998, no
pet.). We will affirm a dismissal if it was proper under any legal theory. Johnson v. Lynaugh, 796
S.W.2d 705, 706–07 (Tex. 1990); Birdo v. Ament, 814 S.W.2d 808, 810 (Tex. App.–Waco 1991,
writ denied). The trial courts are given broad discretion to determine whether a case should be
dismissed because (1) prisoners have a strong incentive to litigate; (2) the government bears the cost
of an in forma pauperis suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious
claims accrues to the benefit of state officials, courts, and meritorious claimants. See Montana v.
Patterson, 894 S.W.2d 812, 814–15 (Tex. App.–Tyler 1994, no writ).
            Chapter 14 of the Texas Civil Practice and Remedies Code controls suits brought by an inmate
in which the inmate has filed an affidavit or unsworn declaration of inability to pay costs.


 Tex. Civ.
Prac. & Rem. Code Ann. § 14.002(a) (Vernon 2002); Hickson, 926 S.W.2d at 398. Section 14.003
provides that a trial court may dismiss a claim before or after service of process if the court finds that
the claim is frivolous or malicious. See Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2) (Vernon
2002). In determining whether a claim is frivolous or malicious, a trial court may consider whether
the claim is substantially similar to a previous claim filed by the inmate because the claim arises out
of the “same operative facts.” Id. at § 14.003(b)(4). To enable a trial court to determine whether the
suit is substantially similar to a previous one, an inmate is required to file a separate affidavit or
unsworn declaration describing all other suits the inmate has brought and stating the “operative facts”
upon which relief was sought. Id. at § 14.004(a)(2)(A). Furthermore, the declaration must state the
result of the suit, including whether the suit was dismissed as frivolous or malicious under Section
13.001 or Section 14.003 or otherwise. Id. at § 14.004(a)(2)(D).
            In the case at hand, Khufu’s unsworn declaration does not comply with Texas Civil Practice
and Remedies Code, section 14.004. In his declaration, Khufu listed previous lawsuits he had filed,
but failed to sufficiently set forth all of the information required by Section 14.004. Specifically, in
numerous instances Khufu indicated that the previously-filed case was dismissed, but failed to
indicate whether the dismissal was pursuant to Section 13.001, Section 14.003, or otherwise. See
Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a)(2)(D).
            When an inmate files an affidavit or declaration that fails to comply with the requirements of
section 14.004, “the trial court is entitled to assume that the suit is substantially similar to one
previously filed by the inmate, and therefore, frivolous.” Bell, 962 S.W.2d at 158; Williams v. Tex.
Dep’t of Crim. Justice, No. 14-01-00646-CV, 2002 WL 1822424, at *2 (Tex. App.–Houston [14th
Dist.] August 8, 2002, pet. denied) (not designated for publication) (holding that dismissal was proper
because the appellant’s sworn statement did not disclose whether some of his prior suits were
dismissed as frivolous or malicious). The burden to provide such information rests on the pro se
litigant. See, e.g., Clark v. J.W. Estelle Unit, 23 S.W.3d 420, 422 (Tex. App.–Houston [1st Dist.]
2000, pet. denied) (refusing to hold that a trial court must sift through numerous documents in order
to find the information required by section 14.004). Accordingly, we hold that the trial court did not
abuse its discretion when it dismissed Khufu's suit. Id. Khufu’s first and second issues are overruled.
 
Findings of Fact and Conclusions of Law
            In his third issue, Khufu argues that the trial court erred in refusing to issue written findings
of fact and conclusions of law following Khufu’s request therefor. When a trial court renders a
judgment or dismisses a cause without hearing any evidence, findings of fact are not appropriate. See
IKB Indus., Ltd. v. Pro-Line Corp., 938 S.W.2d 440, 443 (Tex.1997); Timmons v. Luce, 840
S.W.2d 582, 586 (Tex. App.–Tyler 1992, no writ). Similarly, findings of fact and conclusions of law
are not appropriate in the present case because the trial court dismissed Khufu’s suit for his failure
to follow a statutory procedural requirement. We hold the trial court did not abuse its discretion in
denying Khufu’s request for findings of fact and conclusions of law. Khufu’s third issue is overruled.
 
Conclusion
            Having overruled Khufu’s issues one, two, and three we affirm the trial court’s order
dismissal Khufu’s suit.
 
 
                                                                                                    DIANE DEVASTO 
                                                                                                                 Justice
 
 
 
Opinion delivered April 29, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.
 
 
 
 
 
 
 
 
 
 
 
 
 
 
(PUBLISH)