NUMBER 13-07-178-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


CALVIN RAY HYDER, Appellant,


v.



INVESTIGATOR ISRAEL

BRIONES, Appellee.

 


On appeal from the 156th District Court of Bee County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion by Justice Yañez


 

 Appellant, Calvin Ray Hyder, an inmate with the Texas Department of Criminal
Justice (TDCJ), appeals from an order dismissing as frivolous his suit against Investigator
Israel Briones, an employee of the TDCJ. Hyder raises three issues on appeal. We affirm
the dismissal.

 In his first issue, Hyder, relying on federal rules and case law, asserts that the trial
court erred in dismissing his suit without "issuing a summons upon [Briones] and requiring
a response from [Briones]." Federal law, however, is inapplicable to this matter. Section
14.003 of the Texas Civil Practice and Remedies Code allows a court to dismiss a claim
before service of process if the claim is frivolous--a finding the trial court made in the
instant case. (1) The trial court determined that Hyder's appeal was frivolous because (1) the
claim's realistic chance of ultimate success was slight and (2) it was clear that Hyder could
not prove facts in support of the claim. (2) Hyder provides no argument as to why the trial
court erred in making this determination. As a consequence, we overrule his first issue.

 Hyder's second issue contends that the trial court erred in dismissing his suit without
making findings of fact and conclusions of law. There is no indication in the record that
Hyder filed an initial request for findings of fact and conclusions of law, as Texas Rule of
Civil Procedure 296 demands. (3) Furthermore, Hyder's suit was summarily dismissed prior
to any hearing or trial. Under these circumstances, the trial court had no duty to file
findings of fact and conclusions of law. (4) Hyder's second issue is thus overruled.

 In his third issue, Hyder argues that the trial judge should have disqualified himself
because the judge had personal knowledge of the disputed facts and a personal interest
in the outcome. Hyder has not articulated any basis that would justify disqualification. The
grounds for disqualification are found in article V, section 11 of the Texas Constitution and
rule 18b(1) of the Texas Rules of Civil Procedure. (5) Hyder has failed to present any
evidence indicating that these disqualification grounds have been met. Accordingly, we
overrule Hyder's third issue.

 We affirm the trial court's judgment.





 
 LINDA REYNA YAÑEZ,

 Justice







Memorandum Opinion delivered and filed 

this the 14th day of August, 2008.

1. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2) (Vernon 2002).
2. See id. § 14.003(b)(1), (3).
3. See Tex. R. Civ. P. 296.
4. See Timmons v. Luce, 840 S.W.2d 582, 586 (Tex. App.-Tyler 1992, no writ).
5. Tex. Const. art. V § 11; Tex. R. Civ. P. 18b(1).