# NO. 12-09-00342-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ANTHONY WAYNE WHITE,* *APPELLANT* | § | *APPEAL FROM THE 87TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, ET AL,* *APPELLEES* | § | *ANDERSON COUNTY, TEXAS* |

### MEMORANDUM OPINION

Anthony Wayne White appeals the dismissal of his civil suit against the State of Texas. White raises five issues. The State of Texas did not file a brief. We affirm.

### BACKGROUND

White is an inmate in the Texas Department of Criminal Justice. On September 14, 2009, White, proceeding pro se, filed this lawsuit against Appellees, the State of Texas, the Texas Board of Criminal Justice, the Texas Department of Criminal Justice, and an employee of the State of Texas. In his suit, White alleged that he received deficient representation from appointed counsel on a pending criminal case and that there was a conspiracy between the appellees to deprive convicted offenders who "receive additional charges" of their due process rights. White sought monetary damages and injunctive relief.

The trial court found that this lawsuit was governed by chapter fourteen of the Texas Civil Practice and Remedies Code. The trial court also found that White did not include an affidavit or other declaration describing his prior lawsuits[1] and did not include a copy of the written decision from the internal Texas Department of Justice grievance system. Both are

---

[1] White conceded in his pleadings in the trial court that he had been involved in prior litigation and that he had not provided the required information with his pleadings in this case.

requirements for those bringing suit pro se and *in forma pauperis*, like White, and so the trial court dismissed White's lawsuit. This appeal followed.

## DISMISSAL OF SUIT UNDER CHAPTER FOURTEEN

In five issues, White argues that the trial court erred when it dismissed his lawsuit. Specifically, White argues that chapter fourteen of the Texas Civil Practice and Remedies Code violates his due process rights, that dismissal is not required for failure to meet the statutory requirements because chapter fourteen was not applicable to his lawsuit, that the trial court erred in failing to file findings of fact and conclusions of law, and that the trial court should have granted a hearing on his motion to reinstate.

### Applicable Law and Standard of Review

Chapter fourteen of the Texas Civil Practice and Remedies Code applies to a lawsuit brought by a pro se inmate who has filed an affidavit or unsworn declaration of inability to pay costs (*in forma pauperis*) and imposes several procedural requirements for those lawsuits. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.002–.006 (Vernon 2002); *Garrett v. Borden*, 283 S.W.3d 852, 853 (Tex. 2009). Chapter fourteen requires, in part, that an inmate proceeding *in forma pauperis* disclose the details of any prior lawsuits and provide a copy of the written decision from the grievance system within Texas prisons, if the inmate is subject to that system. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.004, 14.005 (Vernon 2002). Generally, an inmate's lawsuit may be dismissed if it fails to meet the procedural requirements imposed by chapter fourteen. *See Thompson v. Rodriguez*, 99 S.W.3d 328, 330 (Tex. App.–Texarkana 2003, no pet.); *Lilly v. Northrep*, 100 S.W.3d 335, 336 (Tex. App.–San Antonio 2002, pet. denied).

Under chapter fourteen, a trial court may also dismiss a claim if the court finds that the claim is frivolous or malicious. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2) (Vernon 2002). In determining whether a claim is frivolous or malicious, a trial court may consider whether the claim is "substantially similar to a previous claim filed by the inmate" that "arises out of the same operative facts." *Id*. § 14.003(b)(4). The inmate litigant must file a separate affidavit or unsworn declaration describing all other suits the inmate has brought and stating the "operative facts" for which relief was sought. *Id*. § 14.004(a)(2)(A). The declaration must state

the result of any suits, including whether the suit was dismissed as frivolous or malicious. *Id*. § 14.004(a)(2)(D).

When an inmate files an affidavit or declaration that fails to comply with the requirements of section 14.004, "the trial court is entitled to assume that the suit is substantially similar to one previously filed by the inmate, and therefore, frivolous." *Bell v. Tex. Dep't of Criminal Justice*, 962 S.W.2d 156, 158 (Tex. App.–Houston [14th Dist.] 1998, pet. denied). In such an instance, the trial court may dismiss a claim on the grounds that it is frivolous or malicious. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2), (b)(4); *Thompson v. Rodriguez*, 99 S.W.3d 328, 330 (Tex. App.–Texarkana 2003, no pet.). If the inmate does not include a copy of the written decision from the prison grievance system because that process has not been completed at the time the lawsuit is filed, the trial court must stay the proceedings for a period not to exceed 180 days to allow the grievance process to be completed. *Id*. § 14.005(c).

Our review of the dismissal of an inmate lawsuit is for an abuse of discretion. *See Williams v. Tex. Dep't of Criminal Justice–Institutional Div.*, 176 S.W.3d 590, 593 (Tex. App.–Tyler 2005, pet. denied).

**Analysis**

In his first issue, White argues that dismissal of his lawsuit for failure to comply with the statutory requirement that he list his prior lawsuits and provide a final determination from the prison grievance system violates his due process rights.

*Chapter Fourteen and the "Open Courts" Provision of the Texas Constitution*

Article I, section 13 guarantees that Texas citizens will not be unreasonably denied access to the courts. This court has previously held that the chapter fourteen procedural requirement that a lawsuit be brought within thirty days of the conclusion of the prison administrative process does not violate the open courts provision. *See Roberson v. Howell*, No. 12-02-00232-CV, 2003 Tex. App. LEXIS 9971, at *4-5 (Tex. App.–Tyler Mar. 14, 2003, pet. denied) (mem. op.).

As we noted in that case, we evaluate an open courts challenge by asking whether the litigant has a cognizable common law cause of action that is being restricted and whether the restriction is unreasonable or arbitrary when balanced against the purpose of and basis for the restriction. *Id*. (citing *Sax v. Votteler*, 648 S.W.2d 661, 666 (Tex. 1983)). Here, the relevant statute requires that White describe each lawsuit he had previously brought including the

3

operative facts, identifying information about the suit, and the outcome.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a)(2).

The legislature enacted this modest requirement with the reasonable goal of preserving scarce judicial resources in light of what it perceived to be the burden of frivolous and malicious lawsuits by inmates.  *See*, *e.g.*, **Carson v. Johnson**, 112 F.3d 818, 822 (5th Cir. Tex. 1997) ("It can hardly be doubted that deterring frivolous and malicious lawsuits, and thereby preserving scarce judicial resources, is a legitimate state interest. . . . It is similarly undebatable that prohibiting litigants with a history of frivolous or malicious lawsuits from proceeding [*in forma pauperis*] will deter such abuses.").  Despite our request for additional briefing, White does not advance substantive argument on his due process claim.  *See* TEX. R. APP. P. 38.1(h).  Instead, White provides excerpts from several reported cases, advances complaints about conditions in the Coffield Unit of the Texas Department of Criminal Justice, and asserts in conclusory fashion that sections 14.004 and 14.005 of the civil practice and remedies code are unconstitutional because they violate the open courts provision of the Texas Constitution.  *See* TEX. CONST. art. I, § 13.

Even if we assume that White's lawsuit raises a cognizable common law cause of action, the restrictions placed on him in this case are not onerous or unreasonable.  Therefore, we hold that White has not shown that the requirement that pro se inmate litigants proceeding *in forma pauperis* describe their prior lawsuit constitutes a denial of the constitutional right of access to the courts.[2]  *See* **Thomas v. Bush**, 23 S.W.3d 215, 218 (Tex. App.–Beaumont 2000, pet. denied).  We overrule White's first issue.

*Applicability of Chapter Fourteen*

In his second and third issues, White cites **Brown v. Lubbock County Commissioners Court**, 185 S.W.3d 499 (Tex. App.–Amarillo 2005, no pet.) and **Leachman v. Dretke**, 261 S.W.3d 297, 302–03 (Tex. App.–Fort Worth 2008, no pet.), for the proposition that chapter fourteen does not apply to his lawsuit because of the kinds of claims he raised and the individuals he sued.  These authorities do not support the conclusion White advances.

---

[2] Because White's admitted failure to disclose prior suits is sufficient to support the trial court's dismissal of the lawsuit, we need not consider whether he complied with the statutory requirements as they relate to the grievance process.  *C.f.* **Amir-Sharif v. Mason**, 243 S.W.3d 854, 858 (Tex. App.–Dallas 2008, no pet.) (litigant unable to establish reversible error when he did not argue that trial court erred in dismissing for failure to disclose prior suits).

4

In *Brown*, the court held that a dismissal for failure to include a statement of the inmate's trust fund account should be without prejudice. The court did not disturb the trial court's dismissal of the suit, but it modified the judgment to show that the dismissal was without prejudice. *See Brown*, 185 S.W.3d at 503. In *Leachman*, the trial court dismissed the suit because it determined, pursuant to section 14.003, that the inmate's claim had "no arguable basis in law or in fact." *See Leachman*, 261 S.W.3d at 306; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b)(2). The appeals court held that all of the claims were properly dismissed but that one of the claims should not have been dismissed with prejudice because it could have been amended to state a claim. *See Leachman*, 261 S.W.3d at 307.

Neither of these cases supports White's argument that he was not required to disclose any prior lawsuits he had filed. His suit was not dismissed for failure to include a statement of his inmate trust account nor was it dismissed for failure to present an "arguable basis in law or in fact" pursuant to section 14.003(b)(2). Furthermore, White's suit was not dismissed with prejudice. Accordingly, because White has failed to show that chapter fourteen does not apply to his suit, we overrule his second and third issues.

### *Failure to Hold Hearing or to File Findings of Fact and Conclusions of Law*

In his fourth issue, White argues that the trial court erred by failing to file written findings of fact and conclusions of law. In his fifth issue, White argues that the trial court erred because it failed to hold a hearing on his motion to reinstate the lawsuit following its dismissal.

A trial court is required in certain circumstances to file written findings of fact and conclusions of law if there is a request by a party. *See* TEX. R. CIV. P. 296, 297. White asserts that he made such a request in his postdismissal motion for rehearing, to reinstate, or for reconsideration. In that motion, White requested a "direct ruling by the court." Even if we consider this to be a request for written findings of fact and conclusions of law, this court has held that rules 296 and 297 do not apply in an inmate suit that is dismissed for failure to comply with the pleading requirements of chapter fourteen. *See Timmons v. Luce*, 840 S.W.2d 582, 586 (Tex. App.–Tyler 1992, no writ) (citing *Kendrick v. Lynaugh*, 804 S.W.2d 153 (Tex. App.– Houston [14th Dist.] 1990, no writ)); *see also Addicks v. Quarterman*, No. 12-09-00098-CV, 2011 Tex. App. LEXIS 1077, at *12 (Tex. App.–Tyler Feb. 16, 2011, no pet. h.) (mem. op.). In that case, we held that a trial court could not make findings of fact since the trial court had

5

merely dismissed the case because of deficiencies in the pleadings and had not heard any evidence. *See **Timmons***, 840 S.W.2d at 586.

As in ***Timmons***, the trial court in this case did not hear any evidence and based its ruling on deficiencies in White's pleadings. Therefore, it was not required to file findings of fact and conclusions of law.[3] We overrule White's fourth issue.

In his fifth issue, White argues Texas Rule of Civil Procedure 165a required the trial court to hold a hearing on his motion to reinstate filed after the dismissal order was entered. This court has previously noted that "[r]ule 165a of the Texas Rules of Procedure applies to dismissals for want of prosecution" and does not apply to dismissals for failure to comply with the procedural requirements for pro se *in forma pauperis* inmate lawsuits. *See **Stone v. Schull***, No. 12-08-00102-CV, 2008 Tex. App. LEXIS 9367, at *6 (Tex. App.–Tyler Dec. 17, 2008, no pet.) (mem. op.) (citing ***Kendrick v. Lynaugh***, 804 S.W.2d 153, 155–56 (Tex. App.–Houston [14th Dist.] 1990, no writ)); *see also* TEX. R. CIV. P. 165a. Accordingly, White has not shown that the trial court committed reversible error when it did not hold a hearing on his motion to reinstate. We overrule White's fifth issue.

## CONCLUSION

White was required to include a statement of his prior lawsuits when he filed this case in the trial court. Because he did not, the trial court was entitled to assume that this lawsuit was similar to previously filed litigation, to conclude that it was frivolous, and to dismiss it. Therefore, we ***affirm*** the judgment of the trial court. All pending motions are overruled as moot.

JAMES T. WORTHEN
Chief Justice

Opinion delivered February 28 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

---

[3] We note that the trial court did state in its order that White's petition was dismissed for failure to include an affidavit of prior suits and a decision from the grievance system. The order also includes citations to the specific statutes on which the court relied.

6