# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-12-00065-CV

**Juan Enriquez, Appellant**

**v.**

**Christina Melton Crain, former Chair of the Texas Board of Criminal Justice, in her
Official Capacity; Brad Livingston, Executive Director of the Texas Department of
Criminal Justice, in his Offical Capacity; Nathaniel Quarterman, former Director of the
Texas Department of Criminal Justice, in his Official Capacity; and John Rupert,
former Warden of the Texas Department of Criminal Justice's Michael Unit, in his
Official Capacity, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
## NO. D-1-GN-09-002079, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING

## MEMORANDUM OPINION

The opinion and judgment issued herein on May 7, 2013, are withdrawn, and the
following opinion is substituted in lieu of the earlier one. Appellant's motion for rehearing
is overruled.

Juan Enriquez, an inmate confined in the Institutional Division of the Texas
Department of Criminal Justice who is appearing pro se and in forma pauperis, appeals the dismissal
of his suit. Enriquez sued Christina Melton Crain, in her official capacity as former Chair of the
Texas Board of Criminal Justice; Brad Livingston, in his official capacity as Executive Director of

the Texas Department of Criminal Justice; Nathaniel Quarterman, in his offical capacity as former Director of the Texas Department of Criminal Justice; and John Rupert, in his official capacity as former Warden of the Texas Department of Criminal Justice's Michael Unit (collectively "the State officials") alleging causes of action under 42 U.S.C. § 1983 and a claim for false imprisonment. Enriquez sought a declaration that the State officials had violated state law and an injunction requiring them to comply with that law. Enriquez sought actual and exemplary damages as well as unspecified "prospective equitable relief." The trial court dismissed the claims as frivolous pursuant to chapter 14 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code §§ 14.001-.014. Enriquez perfected this appeal. We will affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On October 19, 1966, Enriquez was convicted in Karnes County district court of murder with malice and sentenced to death. *See Ex parte Enriquez*, 490 S.W.2d 546, 547 (Tex. Crim. App. 1973) (setting out timeline). On February 14, 1968, the Texas Court of Criminal Appeals affirmed the judgment of conviction. *See Enriquez v. State*, 429 S.W.2d 141, 145 (Tex. Crim. App. 1968). In 1969, Enriquez was also convicted of four counts of murder and was sentenced to 99 years' imprisonment for each count. Three of the convictions were in Nueces County district court, and one was in Wilson County district court. On June 29, 1972, the United States Supreme Court declared that, under the circumstances of the cases under review, the death penalty constituted cruel and unusual punishment and remanded the cases to the respective state courts, one of which was Texas, for further proceedings. *See Furman v. Georgia*, 408 U.S. 238, 239-40 (1972). In response to the *Furman* mandate, the court of criminal appeals determined that

2

the Governor of Texas possessed the power under the Texas Constitution to commute all death sentences. *See Whan v. State*, 485 S.W.2d 275, 276 (Tex. Crim. App. 1972). On August 31, 1972, Governor Preston Smith commuted Enriquez's death sentence to life in prison.

In May 2006, Enriquez filed in federal district court a petition for writ of habeas corpus contending that he was being illegally confined beyond the discharge of the three Nueces County 99-year sentences.[1] *See Enriquez v. Quarterman*, C.A. No. C-06-207, 2009 WL 1405687, at *1 (S.D. Tex. May 18, 2009). While the petition was pending, officials with the Texas Department of Criminal Justice signed certificates retroactively discharging the three Nueces County sentences as of November 18, 2002. Quarterman then moved to dismiss Enriquez's habeas petition for lack of jurisdiction on the ground that Enriquez was no longer being confined pursuant to the three challenged sentences. *Id.* The court granted the motion to dismiss. Although the 99-year sentences were discharged, Enriquez remained in custody pursuant to the life sentence received as the result of the Governor's commutation of his death sentence. *Id.* at *2 ("[Enriquez] is still serving a life sentence for his conviction in cause number 3862 from Karnes County.").

In August 2008, Enriquez filed in Karnes County district court a document titled "Motion for Nunc Pro Tunc Pronouncement of Sentence." In his motion, Enriquez asserted that the Karnes County court had not sentenced him to life in 1972 and requested that the court formally "pronounce the sentence granted to [him] by the Governor of Texas." *See Enriquez v. State*, No. 04-10-00071-CR, 2011 WL 2637370, at *1 (Tex. App.—San Antonio July 6, 2011, pet. ref'd) (mem. op., not designated for publication). The trial court held a hearing, at the conclusion of which

---

[1] Enriquez's petition did not rely on the Wilson County sentence.

it pronounced, as an order of the court, that "Juan Rudy Enriquez is hereby sentenced to life imprisonment in the Texas Department of Criminal Justice; the Institutional Division as it is currently called. And the Court hereby remands Juan Rudy Enriquez to the custody of the Sheriff of Karnes County to carry out the terms of this sentence." *Id.* The district court then signed a document entitled "Sentence" in conformity with its oral pronouncement in open court. *Id*. at *2. On appeal, the San Antonio Court of Appeals vacated the district court's "Sentence," holding that, after a commutation, no additional court action is necessary to effectuate the commuted punishment. *Id.* at *3. The court concluded that Enriquez was incorrect in insisting that the Karnes County district court was required to formally pronounce a sentence following the Governor's commutation of his death sentence to life imprisonment. *Id.* at *2.

In June 2009, Enriquez filed in Travis County district court his original petition in the underlying proceeding. He alleged that the State officials had violated his rights to due process and equal protection by confining him without the commitment sentence required by law. He further alleged that they had no authority to confine him without a commitment sentence. The State officials filed a motion to dismiss the suit as frivolous pursuant to chapter 14 of the civil practice and remedies code. After conducting a non-evidentiary hearing on the motion, the court provided Enriquez an opportunity to amend his petition to allege a claim that had an arguable basis in law. Enriquez filed an amended petition in November 2011. In December 2011, the court, after a second non-evidentiary hearing on the State officials' motion to dismiss Enriquez's suit, signed an order dismissing the suit as frivolous pursuant to chapter 14. Enriquez then perfected this appeal.

**DISCUSSION**

In his first issue, Enriquez contends that dismissal of his suit was improper because the State officials' motion to dismiss was based on a supplemental petition he had filed in June 2010, which he contends was superseded by his amended petition filed in November 2011. Enriquez argues that the trial court erred by permitting the State officials to challenge his first amended petition at the December 2011 hearing. Specifically, Enriquez asserts that "[t]he court did not have discretion to decide a motion challenging a legally dead pleading nor to use that motion to discount or dismiss the live pleading without examination which accepts the pleaded facts as true." We understand Enriquez's argument to be that the trial court has no discretion to dismiss pursuant to chapter 14 without a written motion to dismiss specifically directed at his live pleading.

Chapter 14 of the Civil Practice and Remedies Code applies to any suit, such as this one, filed by an inmate who declares himself unable to pay costs. *See* Civ. Prac. & Rem. Code § 14.002(b). Section 14.003 authorizes a trial court to dismiss an inmate's claims as frivolous even in the absence of a motion requesting it to do so. *See id.* § 14.003(a) (court may dismiss claim, "either before or after service of process," if court finds that claim is frivolous); *Conely v. Texas Bd. of Crim. Justice*, No. 03-10-00422-CV, 2011 WL 3890404, at *4 (Tex. App.—Austin Aug. 31, 2011, no pet.) (mem. op.). Therefore, even if Enriquez is correct that the State officials' motion was not directed to his live pleading, the trial court had the authority to dismiss Enriquez's suit without such a motion, and we review that dismissal for an abuse of discretion. *See Leachman v. Dretke*, 261 S.W.3d 297, 303 (Tex. App.—Fort Worth 2008, no pet.). We overrule Enriquez's first issue.

5

Issues two through five assert that the trial court abused its discretion in dismissing his suit. As stated above, section 14.003 authorizes a trial court to dismiss an inmate's claim filed in forma pauperis, either before or after service of process occurs, if it finds the claim to be frivolous. *See* Civ. Prac. & Rem. Code § 14.003(a)(2). A claim is frivolous if it has no basis in law or in fact. *See id.* § 14.003(b)(2). A claim is considered to have no arguable basis in law when either the legal theory on which it is based is indisputably meritless or the factual allegations on which it is based are wholly incredible or irrational. *Nabelek v. District Att'y of Harris Cnty.*, 290 S.W.3d 222, 228 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). An inmate's cause of action may not be dismissed merely because the court considers the allegations "unlikely." *Minix v. Gonzales*, 162 S.W.3d 635, 637 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

We review a dismissal under chapter 14 for an abuse of discretion. *Leachman*, 261 S.W.3d at 303. A trial court abuses its discretion if it acts unreasonably or without reference to any guiding rules or principles. *Id.* We review de novo whether the plaintiff's claims had no basis in law such that dismissal on that ground was authorized. *See Retzlaff v. Texas Dep't of Crim. Justice*, 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). In conducting our review, we take as true the allegations in the plaintiff's petition. *Scott v. Gallagher*, 209 S.W.3d 262, 266 (Tex. App.—Houston [1st Dist.] 2006, no pet.). We examine the claims asserted and the relief requested to determine whether the petition stated a cause of action that could authorize relief. *Hamilton v. Williams*, 298 S.W.3d 334, 339 (Tex. App.—Fort Worth 2009, pet. denied). It has been stated that a pro se inmate's petition should be viewed with liberality and

patience and is generally not held to the stringent standards applied to pleadings drafted by attorneys. *Minix*, 162 S.W.3d at 637 (citing *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980)).

Informed by this standard of review, we consider whether Enriquez's first amended petition alleged a cause of action that could authorize relief. Enriquez's first cause of action against the State officials was brought pursuant to 42 U.S.C. § 1983. Enriquez alleges that he was denied his right to due process and equal protection and was subjected to cruel and unusual punishment because he was confined without the commitment warrant required by articles 42.02 and 42.09 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. §§ 42.02 (sentence is part of judgment that orders that punishment be carried into execution), .09 (defendant shall be delivered to jail or to institutional division when his sentence is pronounced). With respect to any claim for damages arising out of these alleged violations, the Supreme Court has held that neither a state nor its officials, while acting in their official capacity, are "persons" who may be liable for damages under section 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Harrison v. Texas Dep't of Crim. Justice*, 915 S.W.2d 882, 889 (Tex. App.—Houston [1st Dist.] 1995, no writ). As a result, any claim for damages asserted by Enriquez under section 1983 cannot be maintained against the State officials Enriquez sued in their official capacities.

A state official in his or her official capacity is, however, a "person" for purposes of a section 1983 claim seeking prospective injunctive relief. *See Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 158 (Tex. 2012). To the extent Enriquez's petition can be read to seek such relief, we consider whether the trial court correctly concluded that there was no arguable basis in law for such a claim. Read broadly, Enriquez's petition appears to seek to enjoin the State officials from

future violations of his right to due process and equal protection that he claims will result from his continued confinement without the commitment warrant he asserts is required by articles 42.02 and 42.09 of the Texas Code of Criminal Procedure. *See* Code Crim. Proc. §§ 42.02, .09. Because his confinement does not run afoul of his right to either due process or equal protection, however, future injunctive relief on that basis is not available. As the San Antonio Court of Appeals has already held, no further court action was required after the commutation of Enriquez's death sentence by the Governor, and no subsequent pronouncement of sentence was necessary. *See Enriquez*, 2011 WL 2637370, at *3. Enriquez's confinement without a separate commitment warrant does not violate his equal-protection rights because he is not being treated differently from similarly situated prisoners. A commitment warrant was issued when Enriquez was initially sentenced. "[A] commutation does not affect the judgment [of conviction], but merely mitigates the punishment which can be given." *Id.* (quoting *Whan*, 485 S.W.2d at 277). No additional commitment warrant was necessary after the commutation. And Enriquez has not alleged that this same procedure was not applied to all similarly situated prisoners whose death penalty sentences were commuted. *See Smith v. State*, 898 S.W.2d 838, 846 (Tex. Crim. App. 1995) (no equal-protection violation when appellant treated in same manner as all similarly situated capital defendants).

Enriquez also complains that the State officials failed to discharge his 99-year sentences until 2007 when they should have been discharged in September 2002. As set forth above, the three Nueces County sentences were retroactively discharged as of November 18, 2002. It does not appear that prospective injunctive relief could be appropriately awarded with respect to this issue. For these reasons, we hold that the trial court did not abuse its discretion in concluding that

Enriquez's first cause of action, brought pursuant to section 1983, had no arguable basis in law and dismissing it as frivolous.

Enriquez's second cause of action alleges that the State officials violated state law by accepting him into custody as a prisoner without a commitment warrant. He seeks prospective injunctive relief to compel the State officials to comply with the law regarding commitment warrants and for a declaration that they are in violation of that law. As set forth above, however, no further court action was needed to effectuate Enriquez's life sentence after the Governor's commutation of his death sentence. *See Enriquez*, 2011 WL 2637370, at *3. Therefore, the trial court did not abuse its discretion by concluding that this cause of action had no arguable basis in law and dismissing it as frivolous.

Enriquez's third cause of action alleges a claim for false imprisonment. First, he contends that the State officials detained him by confining him in prison beyond the date his 99-year sentences were discharged. But as the federal district court noted in *Enriquez v. Quarterman*, even after discharge of the 99-year sentences, Enriquez continued to be lawfully confined pursuant to the life sentence for his murder conviction in the Karnes County district court. *See* 2009 WL 1405687, at *2. Because Enriquez was subject to confinement even after his 99-year sentences were discharged, detaining him past the discharge date of those sentences did not result in his being falsely imprisoned. Enriquez also alleges that the State officials' failure to comply with articles 42.02 and 42.09 of the code of criminal procedure, i.e., confining him without a sentence having been pronounced, caused his detention to constitute false imprisonment. Again, no further trial court action was necessary after the Governor commuted Enriquez's death sentence. Therefore, the trial

9

court did not abuse its discretion by concluding that Enriquez's false-imprisonment claim had no arguable basis in law and dismissing it as frivolous.

Having concluded that the trial court did not abuse its discretion by dismissing each of Enriquez's causes of action, we overrule his second, third, fourth, and fifth appellate issues.[2]

In his sixth issue, Enriquez asserts that the trial court had a mandatory duty to file properly requested findings of fact and conclusions of law but failed to do so. In the present case, however, the trial court dismissed Enriquez's claims without an evidentiary hearing because they lacked any arguable basis in law. *See Sawyer v. Texas Dep't of Crim. Justice*, 983 S.W.2d 310, 311 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) (dismissal without holding fact hearing can only be based on lack of arguable basis in law). In such a situation the trial court is not acting as a factfinder; consequently, the failure to file findings of fact is not error. *See Retzlaff*, 94 S.W.3d at 655 (citing *Timmons v. Luce*, 840 S.W.2d 582, 586 (Tex. App.—Tyler 1992, no writ) (holding no duty to file findings after dismissal of inmate suit under civil practice and remedies code chapter 13)). Accordingly, the trial court was not required to file findings of fact and conclusions of law, and its failure to do so was not error. *See id.* We overrule Enriquez's sixth appellate issue.

**CONCLUSION**

---

[2] In his motion for rehearing, Enriquez contends that the trial court dismissed his case on the basis of *Heck v. Humphrey*, 512 U.S. 477 (1994), and that because both his and the State officials' briefing focused on the application of *Heck*, this Court is required to consider whether dismissal pursuant to *Heck* was proper. The trial court's dismissal order, however, simply recites that the claims are dismissed as frivolous and, as set forth in this opinion, this Court has concluded that the claims did not, in fact, have any arguable basis in law. No further analysis is required. *See* Tex. R. App. P. 47.1 (court's written opinion must be as brief as practicable while addressing every issue *necessary to final disposition* of appeal).

10

Having overruled Enriquez's six appellate issues, we affirm the trial court's dismissal order.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Goodwin and Field

Affirmed on Motion for Rehearing

Filed:   August 7, 2013