NO. 12-09-00288-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

ROY E. ADDICKS, JR.,                               §                      APPEAL
FROM THE 369TH

APPELLANT

                                                                        

V.                                                                    

 

JOHN A. RUPERT,
ELIZABETH             §                       JUDICIAL DISTRICT COURT 

MILLER, DONNA FLETCHER,

SHARON K. DIFFERENT,

ANGELA I. DUGGER AND

PAMELA M. KIRKATRICK,

APPELLEES                                              
§                        ANDERSON COUNTY, TEXAS







MEMORANDUM
OPINION

            Roy
E. Addicks, Jr., appeals from the trial court’s dismissal of his suit pursuant
to Chapter 14 of the Texas Civil Practice and Remedies Code.  He raises seven
issues on appeal.  We affirm.

 

Background

Addicks,
an inmate in the Texas Department of Criminal Justice-Institutional Division
(TDCJ), filed suit in December 2009, claiming that John Rupert and other
employees of the prison system stole or lost a book that he had attempted to
mail to a friend.  He subsequently amended the suit to allege that other prison
officials improperly deducted funds from his inmate trust account and that
officials engaged in a conspiracy to confiscate his legal, religious, and
personal property.  The trial court dismissed the suit as frivolous or
malicious.  Addicks appealed.

 

The Trial Court’s Dismissal of Addicks’s
Lawsuit

In
his first issue, Addicks argues that the trial court abused its discretion in
dismissing his suit as frivolous or malicious.

 

Standard
of Review

We
review the trial court’s dismissal of an in forma pauperis suit under an
abuse of discretion standard.  Hickson v. Moya, 926 S.W.2d 397,
398 (Tex. App.–Waco 1996, no writ).  A trial court abuses its discretion if it
acts arbitrarily, capriciously, and without reference to any guiding rules or
principles.  Lentworth v. Trahan, 981 S.W.2d 720, 722 (Tex. App.–Houston
[1st Dist.] 1998, no pet.).  We will affirm a dismissal if it was proper under
any legal theory.  Johnson v. Lynaugh, 796 S.W.2d 705, 706-07
(Tex. 1990); Birdo v. Ament, 814 S.W.2d 808, 810 (Tex. App.–Waco
1991, writ denied).  The trial courts are given broad discretion to determine
whether a case should be dismissed because (1) prisoners have a strong
incentive to litigate, (2) the government bears the cost of an in forma
pauperis suit, (3) sanctions are not effective, and (4) the dismissal of
unmeritorious claims accrue to the benefit of state officials, courts, and
meritorious claimants.  See Montana v. Patterson, 894
S.W.2d 812, 814-15 (Tex. App.–Tyler 1994, no writ).

Applicable
Law

Chapter
14 of the Texas Civil Practice and Remedies Code controls most lawsuits brought
by inmates who have filed an affidavit or unsworn declaration of inability to
pay costs.[1]  Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a) (Vernon
2002); Hickson, 926 S.W.2d at 398.  Chapter 14 imposes several
procedural requirements that an inmate must comply with to bring a lawsuit
without paying filing fees.  See Tex.
Civ. Prac. & Rem. Code Ann. §§ 14.002(a), 14.004, 14.005 (Vernon
2002).  Failure to meet the procedural requirements will result in the dismissal
of an inmate’s suit.  Brewer v. Simental, 268 S.W.3d 763, 767
(Tex. App.–Waco 2008, no pet.) (citing Bell v. Texas Dep’t of Crim.
Justice-Institutional Div., 962 S.W.2d 156, 158 (Tex. App.–Houston
[14th Dist.] 1998, pet. denied)).

One
such procedural requirement is that the inmate must properly exhaust his
administrative remedies by completing the internal TDCJ grievance process
before filing a lawsuit.  Tex. Civ.
Prac. & Rem. Code Ann. § 14.005 (Vernon 2002); Leachman v.
Dretke, 261 S.W.3d 297, 308-10 (Tex. App.–Fort Worth 2008, no pet.)
(op. on reh’g) (describing grievance process).  Section 14.005, entitled
“Grievance System Decision; Exhaustion of Administrative Remedies,” provides as
follows:

 

     (a) An inmate who files a claim that is subject
to the grievance system established under Section 501.008, Government Code, shall
file with the court:

 

(1) an affidavit or unsworn declaration stating the
date that the grievance was filed and the date the written decision described
by Section 501.008(d), Government Code, was received by the inmate; and

 

(2)  a copy of the written decision from the grievance
system.

 

     (b) A court shall dismiss a claim if the inmate
fails to file the claim before the 31st day after the date the inmate receives
the written decision from the grievance system.

 

 

Id.
§ 14.005(a), (b).  These requirements serve two purposes.  First, an inmate’s
compliance with this measure will demonstrate that he has exhausted his administrative
remedies, and second, the information provided by the inmate will enable the
court to determine whether the inmate has filed his claim within the requisite
time period.  See Garrett v. Borden, 283 S.W.3d 852, 853 (Tex.
2009); Hill v. Reilly, No. 08-09-00208-CV, 2010 Tex. App. LEXIS, at
*5–6 (Tex. App.–El Paso Aug. 31, 2010, pet. denied).  An inmate’s failure to
provide the required information subjects his suit to dismissal.  Hill,
2010 Tex. App. LEXIS, at *6. 

Another
procedural requirement is that an inmate who files an affidavit or unsworn
declaration of inability to pay costs must file a separate affidavit or
declaration setting out the following information:

 

(1) identifying each suit, other than a suit under the
Family Code, previously brought by the person and in which the person was not
represented by an attorney, without regard to whether the person was an inmate
at the time the suit was brought; and

 

(2) describing each suit that was previously brought
by:

 

(A) stating the operative facts for which relief was
sought;

 

(B) listing the case name, cause number, and the court
in which the suit was brought;

 

(C) identifying each party named in the suit; and

 

(D) stating the result of the suit, including whether
the suit was dismissed as frivolous or malicious under Section 13.001 or
Section 14.003 or otherwise.

 

 

Tex. Civ. Prac. & Rem. Code Ann. §
14.004(a).

Substantial
compliance with the affidavit of previous filings requirement has been held to
be sufficient.  Gowan v. Tex. Dep’t of Crim. Justice, 99 S.W.3d
319, 322 (Tex. App.–Texarkana 2003, no pet.) (affidavit of previous suits
requirement met when only missing information was cause number).  However, the
inmate must always include a sufficient description of the operative facts of
prior suits, because that description is necessary for a trial court to make an
evaluation as to whether the present suit is substantially similar to a prior
suit.  See Bell, 962 S.W.2d at 158.  The inmate’s failure to
sufficiently describe the operative facts of his prior suits entitles the trial
court to presume that the instant suit is substantially similar to one
previously filed by the inmate, and therefore, frivolous.  See id.  Accordingly,
a trial court may dismiss an indigent inmate’s suit as frivolous or malicious
when an inmate fails to comply with the statutory requirements of Section
14.004.  See id. 

Discussion

Addicks
filed two unsworn declarations in an attempt to comply with the statutory exhaustion
of remedies requirement of Section 14.05.  In the declarations, Addicks identifies
at least three step one grievances that he filed with TDCJ.  However, he does
not identify the date on which the step one grievance was filed for the “book
claim.”  See Tex. Civ. Prac.
& Rem. Code Ann. § 14.005(a)(1).  He does allege the filing dates of
several other step one grievances, but it is unclear that those grievances are
related to the claims in his lawsuit.[2]  

Addicks
attached to his pleadings several of his step two grievance forms.  Step two
grievances can be initiated after a step one grievance has been heard, but the
forms submitted by Addicks do not show when the step one grievances were filed. 
Because he did not attach his step one grievance forms to his pleadings and
does not otherwise assert when he filed the relevant step one grievances, the
trial court could not discern when he had filed his step one grievances that
related to the claims raised in this lawsuit.  

At
least one of the step two grievances was returned with a response in August
2008.  This would mean that Addicks’s lawsuit, filed in December 2008, would
not be timely.  See Tex. Civ.
Prac. & Rem. Code Ann 14.005(b) (lawsuit must be filed before the
thirty-first day after the date the inmate receives the written decision from
the grievance system).  One step two grievance was returned in November 2008. 
Therefore, the filing of the lawsuit in December 2008 would be timely.  But
because of the way Addicks has selectively provided information and unsworn
declarations, the trial court could not determine when that grievance was
initially filed and what subject matter it addressed.  As such, it was not
possible for the trial court to conclude that Addicks had exhausted his
administrative remedies or that this lawsuit was filed within thirty–one days
of receipt of a final administrative determination.  Accordingly, the trial
court did not abuse its discretion by dismissing the suit.  See Hamilton
v. Williams, 298 S.W.3d 334, 340 (Tex. App.–Fort Worth 2009, pet.
denied) (holding appellate court may affirm dismissal for failure to exhaust
administrative remedies even if that ground was not basis of trial court’s
dismissal in inmate suit subject to Chapter 14). 

Alternatively,
the trial court could have also found that the suit was frivolous because Addicks
failed to adequately disclose the operative facts of all suits listed in his
affidavit under Section 14.004.  Addicks filed an unsworn declaration
identifying nineteen past suits.  He provided detailed statements of the
operative facts for some of the suits listed in his affidavit and vague
statements of the operative facts for others.  When, as here, the declaration fails
to identify the operative facts of an inmate’s previous litigation, the trial
court is entitled to presume that the claims are substantially similar to the
claims in the present suit, and therefore, frivolous.  See Bell,
962 S.W.2d at 158.  This is especially so with respect to a lawsuit
that Addicks identifies as pending at the time this lawsuit was filed.  Several
of the defendants in each lawsuit are the same,[3] and
Addicks describes the pending lawsuit as a “false retaliatory disciplinary
case.”  It is difficult to discern what kind of lawsuit is being described, but
the trial court did not err if it presumed that the claims were substantially
similar to the claims in the present suit. 

We
overrule Addicks’s first issue.  

 

The Trial Court’s Denial of a Hearing

In
his second issue, Addicks asserts that the trial court abused its discretion in
dismissing his suit without first holding a hearing.

It
is settled that a trial court is not required to conduct a hearing before
dismissing a suit as frivolous under Section 14.003.  Nabelek v. Dist.
Atty. of Harris County, 290 S.W.3d 222, 232 (Tex. App.–Houston [14th
Dist.] 2005, pet. denied).  Likewise, a hearing is not required when the inmate
has failed to exhaust his administrative remedies.  McCray v. Scott,
No. 09-01-366-CV, 2002 Tex. App. LEXIS 3271, at *1 (Tex. App.–Beaumont May 9,
2002, no pet.) (per curiam) (mem. op., not designated for publication).  In the
instant case, we have held that Addicks failed to show that he exhausted his
administrative remedies.  Therefore, Appellant was not entitled to a hearing.

We
overrule Appellant’s second issue.  

 

Discovery Control Plan and Change of Venue

            In
his third issue, Addicks contends the trial court erred when it did not rule on
his motion for a specific discovery plan.  In his fourth issue, Addicks
contends that the trial court erred when it did not rule on his motion for
change of venue.  These issues are moot because we have held that Addicks’s suit
was properly dismissed.  However, we agree with the Third Court of Appeals that
the court implicitly denied Addicks’s motions by dismissing the case without
ruling on the motions.  See Conely v. Tex. Bd. of Crim. Justice, No.
03-08-00293-CV, 2010 Tex. App. LEXIS 3011, at *6-7 (Tex. App.–Austin, Apr. 22,
2010, no pet.) (mem. op.).  Addicks does not argue that the trial court’s
decisions were wrong, only that the trial court was required to rule on his
motions and did not.  

To
the extent that Addicks’s argument can be construed to be that the trial court
was required by Rule 258, Texas Rules of Civil Procedure, to grant the motion
for change of venue or to hold a hearing, this court has held that the trial
court can deny a motion that does not comply with the prerequisites of Rule
257.  See In re E. Tex. Med. Ctr. Athens, 154 S.W.3d 933,
935 (Tex. App.–Tyler 2005, orig. proceeding).  Rule 257 requires that a motion
be supported by an affidavit of at least three credible persons.  Addicks
admits that his motion does not contain these affidavits and that he asked the
trial court to relieve him of the requirement to supply affidavits.  The trial
court was entitled to deny his request to be relieved of the requirements of Rule
257 and to overrule the motion because it did not meet those requirements.  

The
trial court implicitly overruled Addicks’s motions for discovery and for change
of venue.  Addicks does not complain that the trial court’s decision on his
discovery motion was wrong.  To the extent we consider his argument on the
change of venue motion to be an attack on the merits of the trial court’s
decision, the court was entitled to overrule the motion because Addicks did not
comply with Rule 257.  We overrule Addicks’s third and fourth issues.

 

Appointment of Counsel

In
his fifth issue, Addicks argues that the trial court erred by denying his
request for appointed pauper counsel.  

A
trial court may appoint counsel for a party who makes an affidavit that he is
too poor to employ counsel.  See Tex.
Gov't Code Ann. § 24.016 (Vernon 2004).  However, a trial court is not
required to appoint counsel in every case.  See Gibson v. Tolbert,
102 S.W.3d 710, 712 (Tex. 2003).  The Texas Supreme Court has held that under
exceptional circumstances, “the public and private interests at stake [may be]
such that the administration of justice may best be served by appointing a
lawyer to represent an indigent civil litigant.”  Id. (quoting Travelers
Indem. Co. v. Mayfield, 923 S.W.2d 590, 594 (Tex. 1996)).  Following
this interpretation, appellate courts have held that a trial court does not
abuse its discretion in refusing to appoint counsel when the indigent party
fails to demonstrate that the public and private interests at stake are so
exceptional that the administration of justice is well served by the
appointment of pauper counsel.  See Hall v. Treon, 39 S.W.3d 722,
724 (Tex. App.–Beaumont 2001, no pet.); Coleman v. Lynaugh, 934
S.W.2d 837, 839 (Tex. App.–Houston [1st Dist.] 1996, no pet.).

Addicks
provides no basis for a finding that his case is one that, because of
exceptional public and private interests, warrants the appointment of counsel. 
Instead, he merely asserts that it is difficult for him to bring this lawsuit
and that he is not trained in the law.  A cause of action does not qualify
under this standard simply because the litigant is an inmate.  See Gibson,
102 S.W.3d at 713.  Accordingly, the trial court did not abuse its discretion
in denying his motion to appoint counsel.  We overrule Addicks’s fifth issue.

 

Findings of Fact and Conclusions of Law

In
his sixth issue, Addicks contends that the trial court erred in failing to
issue findings of fact and conclusions of law at his request. 

Addicks
made a request for findings of fact and conclusions of law in a postdismissal
motion.  A trial court is required in certain circumstances to file written
findings of fact and conclusions of law requested by a party.  See Tex. R. Civ. P. 296, 297.  However,
this court has held that Rules 296 and 297 do not apply in an inmate suit that
is dismissed for failure to comply with the Chapter 14 pleading requirements.  See
Timmons v. Luce, 840 S.W.2d 582, 586 (Tex. App.–Tyler 1992, no
writ) (citing Kendrick v. Lynaugh, 804 S.W.2d 153 (Tex. App.–Houston
[14th Dist.] 1990, no writ)); see also Addicks v. Quarterman, No.
12-09-00098-CV, 2011 Tex. App. LEXIS 1077, at *12 (Tex. App.–Tyler Feb. 16,
2011, no pet. h.) (mem. op.).  In Timmons, we held that a trial
court could not make findings of fact because the trial court had merely
dismissed the case due to deficiencies in the pleadings and had not heard any
evidence.  See Timmons, 840 S.W.2d at 586.  

As
in Timmons, the trial court in this case did not hear any
evidence and based its ruling on deficiencies in Addicks’s pleadings. 
Therefore, it was not required to file findings of fact and conclusions of
law.  We overrule Addicks’s sixth issue.  

 

Construction of Pro Se Pleadings

In
his seventh issue, Addicks argues that the trial court abused its discretion
because it “failed to liberally construe [his] suit.”  Addicks asserts that,
had the trial court construed his pleading liberally, the trial court would
have concluded that the suit had merit and would not have dismissed it. 

While
Addicks understands that his lawsuit was dismissed pursuant to Chapter 14, he
appears to have concluded that the trial court considered his claims and,
finding them to be frivolous, dismissed them.  However, dismissal for failure
to show the date a grievance is filed or failure to show that this suit is not
substantially similar to other lawsuits is not a consideration of the operative
facts of the lawsuit.  As we described in an earlier section, Addicks failed to
include basic information with his lawsuit, including when he filed his first
grievance on the relevant issues and the details of another lawsuit.  While pro
se pleadings and briefs are to be liberally construed, pro se litigants are
held to the same standards as licensed attorneys and must comply with rules of
procedure and applicable laws.  See Shull v. United Parcel Serv.,
4 S.W.3d 46, 52-53 (Tex. App.–San Antonio 1999, pet. denied); White v.
Cole, 880 S.W.2d 292, 294 (Tex. App.–Beaumont 1994, writ denied).  To
hold otherwise would give pro se litigants an unfair advantage over litigants
represented by counsel.  See Shull, 4 S.W.3d at 53.   Addicks was
required to comply with Chapter 14’s requirements, which he failed to do.  There
is no meaningful way the trial court could construe Addicks’s pleadings to
contain required terms that it lacked, and the trial court acted within its
discretion to dismiss Addicks’s suit.  We overrule Addicks’s seventh issue. 

 

Disposition

            Having overruled Addicks’s
seven issues, we affirm the judgment of the trial court. 

 

 

                                                                   Brian
T. Hoyle

                                                                                             
Justice

 

 

Opinion delivered April 29, 2011.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)

 











[1] Chapter 14 does not apply to an
action brought under the Texas Family Code.  Tex.
Civ. Prac. & Rem. Code Ann. § 14.002(b) (Vernon 2002).





[2] Addicks identifies five
grievance processes he has initiated.  He identifies one as the “book claim”
but does not allege or show when it was filed.  The other grievances are not
identified as relating to the claims in the present lawsuit.  Of the remaining
unidentified grievances, one would be untimely to bring as a lawsuit because Addicks
received a final determination more than thirty-one days prior to the filing of
the lawsuit, one would have been timely but was unidentified as to subject
matter, and in two cases, Addicks received a final determination from TDCJ after
initiation of the lawsuit.  





[3] The defendants in the pending
lawsuit were not the same people sued in this suit as it was originally filed. 
However, Addicks filed additional claims in this lawsuit and some of the
defendants from the pending lawsuit were added as defendants in this case.