# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 26, 2011

Lyle W. Cayce
Clerk

No. 10-41067
Summary Calendar

NEIL PHILLIPS,

Petitioner-Appellant

v.

UNITED STATES OF AMERICA; FEDERAL BUREAU OF PRISONS;
WARDEN DAN JOSLIN,

Respondents-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CV-119

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Neil Phillips, federal prisoner # 63024-053, appeals the district court's grant of summary judgment for the respondent and the dismissal of his 28 U.S.C. § 2241 application wherein he challenged 18 U.S.C. § 3621(e)(2) on the ground that it violates his right to equal protection. Because Phillips's application was dismissed on the respondent's motion for summary judgment,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

review is de novo. *Madriz-Alvarado v. Ashcroft*, 383 F.3d 321, 327 (5th Cir. 2004).

On appeal, Phillips argues that § 3621 is discriminatory because it affords only prisoners with a history of substance abuse, not prisoners with other mental disorders that contribute to criminal behavior, an opportunity for treatment and incentives for completing treatment, such as early release. The district court correctly concluded that § 3621(e)(2)'s exclusion of inmates without substance abuse problems was rationally related to the legitimate government interests in easing overcrowding, reducing recidivism, and preventing crime. *See Venegas v. Henman*, 126 F.3d 760, 763 (5th Cir. 1997). Further, there was no error with respect to he district court's conclusion that Congress did not need to spend any of its finite budget on improving Phillips's behavior with respect to drugs, since he did not have substance abuse issues.

For the first time on appeal, Phillips alleges that he has conduct disorder. Phillips also suggests, for the first time on appeal, that § 3621 violates the Americans with Disabilities Act. We will not consider Phillips's arguments that are raised for the first time on appeal. *See Leggett v. Fleming*, 380 F.3d 232, 236 & n.16 (5th Cir. 2004).

Phillips has moved for appointment of counsel. Phillips has not "demonstrated that the interests of justice would be served by the appointment of counsel." *United States v. Tubwell,* 37 F.3d 175, 179 (5th Cir. 1994).

AFFIRMED; MOTION DENIED.